UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BENJAMIN MACHO,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; J. CHUDY, Chief Medical Officer, CTF; J. WALKER, Health Care Chief, Sacramento; N. WARREN, HEALTH CARE CHIEF (A), CTF; J. CORTEZ; D. RAMBERG; and DOES 1-100,

    Defendants.

                               /

No. C 11-3100 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a state prisoner. Plaintiff suffers from the after-effects of injuries to his spine incurred from a gunshot wound and a motor vehicle accident. He had surgery twice in an attempt to alleviate problems with his back. He asserts that his condition was worse after the surgeries than it had been before them. He also claims that the physical therapy ordered after his second surgery was not provided for seven months, that orthopedic shoes to replace ones that were worn out were slow to arrive, and that medication was delayed. Defendant Ramberg has filed a motion to dismiss and a motion for summary judgment. Plaintiff filed an opposition to the summary judgment motion but did not file an opposition to the motion to dismiss. Defendants Chudy, Warren and Walker have also filed a motion for summary judgment. Plaintiff filed an opposition and those defendants filed a reply. For the following reasons, the motions for summary

judgment will be granted.[1]

## DISCUSSION

### I. Motions for Summary Judgment

#### A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

#### B. Eighth Amendment

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

---

[1] After Ramberg's motion for summary judgment was filed the Ninth Circuit decided *Woods v. Carey*, in which it held that it is not sufficient to give the notice required by *Rand v. Rowland*, 154 F.3d 952, 953–954 (9th Cir. 1998) (en banc), prior to the time a motion for summary judgment is filed. *Woods*, 684 F.3d 934, 940–41 (2012). This court gave the required notice on July 12, 2012, after the motion for summary judgment was filed but before plaintiff filed his opposition. The remaining defendants provided plaintiff with the proper *Rand* warning at the time of filing of their motion.

2

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

**C.     Facts**

The following facts are undisputed except where indicated otherwise.

At the relevant time, plaintiff was incarcerated at the California Training Facility ("CTF"). Compl. at 1. Defendant Dr. Chudy was the Chief Medical Officer at CTF between July 2006 and November 2010. Decl. Chudy at ¶ 1. Chudy handled second level reviews of inmate medical grievances but was not one of plaintiff's treating physicians and did not directly provide medical care for plaintiff. *Id.* at ¶ ¶ 3, 4. Chudy reviewed and made second level decisions on five of plaintiff's medical grievances: 1) CTF-14-08-15882; 2) CTF-14-09-12520; 3) CTF 14-09-12734; 4) CTF-14-10-10597; and 5) CTF-14-10-01652. Decl. Papan, Exhs. E, G-J.

Defendant Warren was Acting Health Care Chief at CDCR headquarters. Compl. at

1  13. Warren did not review or process any of plaintiff's grievances.  See Compl.

2  Defendant Walker was Health Care Chief at CDCR Headquarters.  Compl. at 13.
3  Walker only partially processed two of plaintiff's medical grievances, CTF-14-09-12734 and
4  CTF-14-08-15882.  Decl. Papan, Exhs. E, H.

5  Defendant Dr. Ramberg is a neurosurgeon who practices in San Luis Obispo,
6  California.  Decl. Ramberg ¶ 1.  Ramberg is not now and has never been employed by the
7  State of California or CDCR.  *Id.* at ¶ 3.  At the relevant time Ramberg was an independent
8  contractor and had an agreement to provide medical services with California Prison Health
9  Care Services.  *Id.* at ¶ 4.

10  Plaintiff suffered a gunshot wound to his spine in 1980 and a traffic accident in 1998,
11  that injured his back.  Decl. Lee ¶ 5.  Plaintiff received back surgery on September 24,
12  2007, and February 22, 2008, and neck surgery on March 12, 2010.  *Id.*

13  In September 2007, plaintiff was admitted to Sierra Vista Regional Medical Center in
14  San Luis Obispo for back pain radiating down both legs.  Decl. Ramberg ¶ 7.  Plaintiff had
15  stenosis in the lumbar region of the spine and underwent a lumbar laminectomy with the
16  removal of a foreign body by Ramberg.  *Id.*  Prior to the surgery Ramberg discussed with
17  plaintiff the potential risks and benefits of the surgery.  *Id.*  Ramberg had several follow up
18  visits with plaintiff following the surgery.  *Id.*  Plaintiff continued to complain of pain and
19  instability which were identified complications that were discussed with plaintiff prior to the
20  surgery.  *Id.*  Ramberg concluded that plaintiff required further surgery which occurred on
21  February 22, 2008, again at Sierra Vista Regional Medical Center.  *Id.*  Ramberg performed
22  a lumbar decompression with diskectomy and a fusion at additional levels.  *Id.*

23  In February 2009, Chudy conducted a second level review of plaintiff's grievance,
24  CTF-14-08-15882.  Decl. Chudy ¶ 5.  Plaintiff complained of neck, shoulder and back pain,
25  nerve problems and he wanted physical therapy and leg braces.  *Id.*  By the time Chudy
26  reviewed the grievance, plaintiff had consulted with Ramberg concerning the pain, received
27  an MRI of his cervical spine and CT scan of his lumbar spine.  *Id.* at ¶ 6.  Plaintiff received
28  an ankle foot orthotic on January 13, 2009.  *Id.*  Ramberg did not recommend physical

4

therapy. *Id*. Walker processed the grievance but made no changes. Compl. at 64.

Plaintiff filed two grievances regarding orthotic shoes, CTF-14-09-12217 and CTF-14-10-10597. Decl. Papan, Exh. F, I. At this time, plaintiff already had orthotic shoes, but was awaiting a replacement pair due to worn out soles. Decl. Lee ¶ 4. Plaintiff filed CTF-14-09-12217 regarding shoes on July 28, 2009. Decl. Papan, Exh. F. On July 23, 2009, new shoes arrived, but they were the wrong size. *Id*. The correct shoes were delivered on September 1, 2009. *Id*. No defendants were involved with this grievance. *Id*. In grievance CTF-14-10-10597, submitted on February 11, 2010, plaintiff stated that he only received new orthotic shoes every year, but he wears them out in three to four months. Decl. Papan, Exh. I. Several months later, plaintiff received new orthotic shoes. *Id*. Chudy reviewed this grievance. Decl. Chudy ¶ 13.

In grievance CTF-14-09-12734, plaintiff indicated he fell down in school and requested a specialist to diagnose and treat him. Decl. Chudy ¶ 11. The grievance was denied, as plaintiff had already been treated and the injury was non-traumatic and he was offered non-narcotic medication, but plaintiff wanted narcotic medication. *Id*. at ¶ 12. A few weeks later plaintiff was approved for narcotic medication. *Id*. Walker processed the grievance but ordered no changes. Decl. Papan, Exh. H.

In grievance CTF-14-09-12520, plaintiff stated he was not receiving his Tylenol #3 for pain. *Id*. at ¶ 10. Chudy reviewed the grievance and ordered that the Tylenol #3 be reissued. *Id*.

Plaintiff's medical records indicate that he made a request for physical therapy on July 2, 2009, though at that time medical staff had not recommended physical therapy. Decl. Lee ¶ 5. Medical professionals did not recommend physical therapy for plaintiff until after his third surgery in March 2010. *Id*. ¶ 7. On June 1, 2010, Ramberg also recommended physical therapy to help with plaintiff's left neck muscle spasm. *Id*.

On August 19, 2010, plaintiff filed grievance CTF-14-10-01652 at the second level where he demanded physical therapy. Decl. Chudy at ¶ 14. Yet, on July 28, 2010, plaintiff consulted with a physical therapist and was placed on a waiting list. Decl. Chudy at ¶ 14.

5

Plaintiff began physical therapy a month later, two times a week for three weeks. Compl. at 18, Exh. M.

### D.   Analysis

It is undisputed that of all the defendants only Ramberg actually treated plaintiff and defendants Chudy, Warren and Walker simply reviewed plaintiff's grievances. Summary judgment must be granted to Chudy, Warren and Walker as there is no constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place. Yet in reviewing this case, it is clear that the majority of plaintiff's grievances were granted by Chudy and plaintiff was provided the medical care he requested. Other grievances were denied because plaintiff had already received the medical care. While physical therapy was provided a few months late, there is no indication that there was any detrimental effect on plaintiff. Mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Nor is there any merit to the claims regarding minor delays with respect to receiving pain medication or newer orthotics. Even if there was merit to these claims, none of the defendants were responsible. The undisputed evidence demonstrates that plaintiff was provided a great deal of medical care at the prison and it is clear that none of these defendants were negligent in their duties let alone the much higher standard of deliberate indifference in their review of the plaintiff's grievances. In opposition to summary judgment, plaintiff does not challenge any of the evidence presented by defendants, simply stating their denial of grievances violated his rights. This is insufficient and summary judgment is granted to these defendants on plaintiff's Eighth

Amendment claims.

With respect to Ramberg, who performed the surgeries on plaintiff, the undisputed evidence is also clear that Ramberg did not violate the Eighth Amendment.[2] Ramberg has also presented a declaration from another neurosurgeon who states that Ramberg's care and treatment at all times complied with the standard for care in the medical community. Plaintiff does not discuss this declaration nor does plaintiff even challenge the evidence presented regarding Ramberg's medical care. Instead plaintiff appears to argue that Ramberg must be liable because plaintiff's spine injuries were not completely repaired. Plaintiff also discusses the transportation back and forth between the hospital and the prison for the surgery and follow up care and assumes Ramberg must be responsible and therefore liable. It is not clear how a doctor at a hospital away from the prison is responsible for how prison officials transport a prisoner to and from appointments. Plaintiff's arguments fail to even approach the threshold to describe a claim of deliberate indifference and a review of the medical care provided by Ramberg reveals no constitutional violations. Summary judgment is granted to Ramberg on plaintiff's Eighth Amendment claim.

### E. State Law Claims

Defendants also move to dismiss plaintiff's state law claims, arguing that the claims should be dismissed because plaintiff did not plead compliance with the California Torts Claims Act ("GCA"). The GCA requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2; *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("Before suing a public entity, the plaintiff must present a timely written claim. . ."). "The legislature's intent to require the presentation of claims before suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007) ("The purpose of

---

[2] For purposes of this motion the court will assume Ramberg is a state actor to permit plaintiff to present a claim pursuant to 42 U.S.C. § 1983.

7

providing public entities with sufficient information to investigate claims without the expense of litigation is not served if the entity must file a responsive pleading alerting its opponent to the claim requirements."). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk*, 42 Cal. 4th at 209. Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has failed to provide any information that he complied with the GCA, even after raised by defendants in the motion for summary judgment. Therefore the state law claims are dismissed in this action against all defendants.

### F.  Defendant Cortez

On March 12, 2012, the summons to defendant Cortez was returned as unexecuted and service has not been effectuated on this defendant.

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't. of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); *Ricotta v. California*, 4 F. Supp. 2d 961, 978–79 (S.D. Cal. 1998).

The only allegation against Cortez in the complaint is that he signed for defendant Warren in denying a grievance. Compl. at 27. It is not clear what actions plaintiff is even describing and as Cortez is similarly situated to the other defendants, and as summary judgment is being granted to these defendants, Cortez is dismissed from this action for the reasons set forth above.

## CONCLUSION [3]

1. The motions for summary judgment (Docket Nos. 40, 44) are **GRANTED**.

2. Defendant Ramberg's motion to dismiss (Docket No. 16) is **DENIED** as moot, as summary judgment is granted for this defendant.

3. Unserved defendant Cortez is dismissed from this action.

4. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\Macho3100.SJ.wpd

---

[3] As the court has not found a constitutional violation, the qualified immunity arguments will not be addressed nor is plaintiff entitled to injunctive relief.